LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
BRIAN A. PROCEL (State Bar No. 218657)
bprocel@millerbarondess.com
DAVID W. SCHECTER (State Bar No. 296251)
dschecter@millerbarondess.com
MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Telephone:  (310) 552-4400
Facsimile:   (310) 552-8400

HARRY F. COLE (Appearing *Pro Hac Vice*)
cole@fhhlaw.com
FLETCHER, HEALD & HILDRETH, PLC
1300 North 17th Street, 11th Floor
Arlington, Virginia  22203
Telephone:  (703) 812-0400

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION OF AFRICAN AMERICAN-OWNED MEDIA, a California limited liability company; and ENTERTAINMENT STUDIOS NETWORKS, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 2:16-cv-00609-GW-FFM<br><br>**PLAINTIFFS' OPPOSITION TO CHARTER'S MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date:  December 12. 2016<br>Time:  8:30 a.m.<br>Place:  350 West 1st Street<br>          Los Angeles. CA 90012<br>Ctrm.:  9D<br>Judge:  Hon. George H. Wu<br><br>Action Filed:  January 27, 2016<br>Trial Date:  July 18, 2017 |

319095.2

Case No. 2:16-cv-00609-GW-FFM

OPPOSITION TO CHARTER'S MOTIONS FOR RECONSIDERATION/JUDGMENT ON THE PLEADINGS

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................. 1

II. PROCEDURAL HISTORY .................................................................................. 1

III. LEGAL STANDARD ........................................................................................... 4

IV. ARGUMENT ........................................................................................................ 5

    A. By Its Own Admission, Charter *Repeats* the Same Arguments Made in Support of Its Motion to Dismiss ............................................... 5

    B. Charter's Motion for Judgment on the Pleadings Is Nothing More than a Re-Styled Motion for Reconsideration .............................. 8

V. CONCLUSION ................................................................................................... 10

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Alvarado v. Donley*,
    Case No. 11-2036 (10th Cir. 2012) ..................................................................... 2

*Claybrooks v. Am. Broad. Cos.*,
    898 F. Supp. 2d 986 (M.D. Tenn. 2012) ......................................................... 1, 3

*Conerly v. Westinghouse Elec. Corp.*,
    623 F.2d 117 (9th Cir. 1980) ............................................................................. 8

*Conservation Nw. v. Sherman*,
    715 F.3d 1181 (9th Cir. 2013) ........................................................................... 7

*DeRoche v. All Am. Bottling Corp.*,
    38 F. Supp. 2d 1102 (D. Minn. 1998) ............................................................... 2

*Figures v. Bd. of Pub. Utilities of Kan. City*,
    731 F. Supp. 1479 (D. Kan. 1990) .................................................................... 2

*Fleming v. Pickard*,
    581 F.3d 922 (9th Cir. 2009) ............................................................................. 8

*Gross v. FBL Fin. Services, Inc.*,
    557 U.S. 167 (2009) .......................................................................................... 2

*Hurley v. Irish-Am. Gay, Lesbian & Bisexual Grp. of Boston*,
    515 U.S. 557 (1995) ...................................................................................... 2, 9

*Moreno Roofing Co., Inc. v. Nagle*,
    99 F.3d 340 (9th Cir. 1996) ............................................................................... 7

*Nurriddin v. Goldin*,
    382 F. Supp. 2d 79 (D.C. 2005) ........................................................................ 2

*Sells v. McDaniel*,
    2008 WL 427793 (D. Nev. Feb. 14, 2008) ....................................................... 8

*Suckow Borax Mines Consol. v. Borax Consol*,
    185 F.2d 196 (9th Cir. 1950) ............................................................................. 8

*Turner Broad. Sys., Inc. v. F.C.C.*,
    512 U.S. 622 (1994) ...................................................................................... 2, 3

*U.S. v. Index Newspapers LLC*,
    766 F.3d 1072 (9th Cir. 2014) ........................................................................... 6

*Univ. of Texas Sw. Med. Ctr. v. Nassar*,
    133 S.Ct. 2517 (2013) ....................................................................................... 2

**STATUTES**

42 U.S.C. § 1981 ................................................................................................ 2, 6

**RULES**

Fed. R. App. Proc. 10(a) .......................................................................................... 6

Fed. R. Civ. Proc. 12(b) ........................................................................................... 1

Fed. R. Evid. 701(a) ................................................................................................. 7

C.D. Cal. L.R. 7-18 ........................................................................................ 5, 7, 8

S.D. Cal. L.R. 7.1(i) ................................................................................................. 8

**OTHER AUTHORITIES**

U.S. Const. Amend. I ...................................................................................... passim

## I. INTRODUCTION

Defendant Charter Communications, Inc.'s ("Charter") Motion for Reconsideration or, in the Alternative, Judgment on the Pleadings is bizarre. On the one hand, Charter is arguing that it repeatedly made a First Amendment argument that the Court "manifestly failed" to consider. On the other hand, Charter brings this Motion on the stated premise of clarifying the record of what Charter presented to the Court. Which is it?

At bottom, it does not matter. Charter is just rearguing that the First Amendment provides Charter with absolute immunity from this lawsuit. The Court was correct in rejecting this argument, noting that Charter failed to identify or apply the proper method of analyzing the First Amendment issues presented by Plaintiffs' allegations. (ECF No. 57 at p. 16.)

Charter is persistent, if nothing else. It now has argued for First Amendment immunity in *eight* briefs in this case and in oral argument. In its arguments, Charter has not come forward with any case that supports an absolute First Amendment-based immunity from this lawsuit. In fact, Charter relied heavily on its lead case—*Claybrooks*—in prior briefs, but now acknowledges that it is a "somewhat different case."

The problem is not that the Court did not understand the argument; the problem is that Charter is making an argument unsupported by law. There are no new facts, and there is no new law to support this motion. It is just another bite at the same apple.

## II. PROCEDURAL HISTORY

On October 24, 2016, the Court denied Charter's Rule 12(b)(6) Motion to Dismiss. (ECF No. 57.) At the hearing, the Court stated that it understood Charter's arguments and declined to hear further argument from Charter on issues that had been briefed by the parties and analyzed by the Court in its tentative.

Charter first argued that the alleged racist statements made by high ranking

1 officials were not sufficiently close in time to the alleged refusal to contract, but the
2 Court noted it had "already discussed that" in its tentative decision. (Declaration of
3 David W. Schecter ("Schecter Decl.") Ex. A, p. 6, lines 1-12.) Nevertheless,
4 Charter continued to argue that the racist statements were stray remarks, citing out-
5 of-circuit decisions,[1] but the Court emphasized that it understood Charter's
6 argument, found that Plaintiffs had sufficiently alleged discrimination and that
7 Charter would have an opportunity to argue its positions again "in a summary
8 judgment-type situation." (*Id.* Ex. A, p. 10:12-21.)

9 Undeterred, Charter continued to argue, but the Court stated: "Let me stop
10 you, counsel. It is not like I don't understand your argument." (*Id.* Ex. A, p. 12:9-
11 11.) Charter then asked for supplemental briefing to address the issue further, and
12 the Court stated: "Let me stop. I mean, I understand the cases. I agree with you
13 that the Tenth Circuit case said what it said. Those cases say what they say. Not
14 quite what we have here." (*Id.* Ex. A, p. 12:12-19.)

15 Charter then moved on to its "but-for" causation argument based on the U.S.
16 Supreme Court decisions in *Gross* and *Nassar*, but Charter admitted that those cases
17 do not involve § 1981. (*Id.* Ex. A, p. 13:3 – 14:8.) Following a colloquy, the Court
18 suggested that the Ninth Circuit would not agree with Charter that *Gross* and *Nassar*
19 impacted § 1981 law. (*Id.* Ex. A, p. 15:1-11.)

20 Then Charter moved on its First Amendment argument. Charter began by
21 rearguing its position that this case is closer to *Hurley* than *Turner Broadcasting*, but
22 the Court stated: "Let me stop you, counsel. I am familiar with the area of what
23 happened in the Aerial Light decision. I know what the law is and I know what the

---

[1] These cases were not cited in Charter's motion or reply brief. (*Compare* Schecter Decl. Ex. A at pp. 7:7-22 (citing *Nurridin v. Goldin* (D.D.C. 2005)), 8:2-13 (citing *DeRoche* (D. Minn.), 11:3-12 (citing *Figures v. Board of Public Utilities* (10th Cir.)), 11:18-22 (citing *Alvarado v. Donley* (10th Cir.)) *with* ECF No. 48 at pp. ii-vi, and ECF No. 52 at pp. ii-v.)

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1 development is in that area." (*Id.* Ex. A, p. 16:13-16.)

2 Charter continued to address *Turner Broadcasting*, arguing that the television
3 industry has changed since 1992, but the Court again stated: "Let me stop you. I
4 probably would agree with you somewhat on that. The question is how far that
5 goes." (*Id.* Ex. A, p. 17:4-9.) The Court then noted that the First Amendment issues
6 in the case are "closer than the other issue ["but-for" causation]" and that it "is a
7 very interesting issue" as to "where do you draw the lines in this area, because they
8 are really very strong interests on both sides obviously." (*Id.* Ex. A, p. 17:4-9,
9 17:15-19.)

10 Charter argued that Plaintiffs had alleged a content-based restriction on
11 Charter's editorial discretion, but the Court disagreed, stating "that is a problem I do
12 have because I understand that argument, but I don't know if it is per se content-
13 based, because plaintiff here is making the argument in regards to the contracts, not
14 necessarily guaranteeing that all of the content will be of a particular sort that you
15 could even necessarily distinguish the content, *but it is their status as black*
16 *owners*." (*Id.* Ex. A, pp. 17:25 – 18:7 (emphasis added).)

17 Charter next argued that the plaintiffs in *Claybrooks* had a "content-based
18 objective" that is "exactly parallel" to the Plaintiffs' objectives here, citing
19 Paragraph 64 of the FAC. (*Id.* Ex. A, p. 18:8 – 20:16.) The Court noted that it
20 "cited that case," that it understood the argument, finding it to be "an interesting
21 argument." (*Id.* Ex. A, at p. 20:9 – 21:13-14.)

22 Charter then proposed a hypothetical about a cable company run by Louis
23 Farrakhan and the Nation of Islam, and argued that the First Amendment would
24 protect that company's right to reject television networks based on their views. (*Id.*
25 Ex. A, pp. 21:24 – 22:17.) Charter did not tie that hypothetical to Plaintiffs'
26 allegations. (*Id.* Ex. A, pp. 17:25 – 18:7 (noting that Plaintiffs do not allege a
27 content-based refusal to contract, but instead allege a refusal to contracted based on
28 "*their status as black owners*" (emphasis added).)

319095.2     3     Case No. 2:16-cv-00609-GW-FFM
OPPOSITION TO CHARTER'S MOTIONS FOR RECONSIDERATION/JUDGMENT ON THE PLEADINGS

Charter then *again* asked for supplemental briefing on the stray remarks doctrine, but the Court stated: "Let me stop you. I understand those cases. I just don't think that this case is sufficiently like those other cases." (*Id.* Ex. A, p. 22:13-20.) Court concluded by converting its tentative to a final decision. (*Id.* Ex. A, p. 28:9-12.)

On November 4, 2016, Charter filed a motion for interlocutory appeal on "but-for" causation and First Amendment arguments. (ECF No. 63.) On November 10, 2016, Charter filed a motion to stay this litigation pending interlocutory appeal, (ECF No. 68,) and Charter filed a motion for reconsideration or, in the alternative, for judgment on the pleadings. (ECF No. 69.)

On November 18, 2016, Plaintiffs filed an opposition to Charter's motion for interlocutory appeal. (ECF No. 71.)

### III. <u>LEGAL STANDARD</u>

Pursuant to this Court's Local Rules, a "motion for reconsideration of the decision on any motion may be made *only* on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision." Central District Local Rule ("L.R.") 7-18. As L.R. 7-18 explicitly provides: "*No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.*" *Id.* (emphasis added).

The standard on a Rule 12(c) motion for judgment on the pleadings is essentially the same as the standard applied on a Rule 12(b)(6) motion to dismiss. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). Judgment is appropriate only if, assuming all material facts alleged are true, the moving party is entitled to

judgment as a matter of law. *Id.*

## IV. ARGUMENT

### A. By Its Own Admission, Charter *Repeats* the Same Arguments Made in Support of Its Motion to Dismiss

This Court's Local Rules make it abundantly clear that a party cannot seek reconsideration by *repeating* its arguments made in support of the original motion. L.R. 7-18. Yet, that is exactly what Charter is doing. (ECF No. 69 at pp. 2 ("Charter respectfully submits that that characterization misstates Charter's argument and *does not accurately reflect the arguments that Charter actually presented to the Court*."); 5 ("Charter respectfully submits that reconsideration is warranted here to correct a clear error in the Court's Order that *misstates the arguments Charter presented to the Court under the First Amendment*."); 6 ("Charter *repeated this core argument in opposing Plaintiffs' motion for leave to amend . . .* And Charter made this argument *yet again* in renewing its motion to dismiss after Plaintiffs amended their complaint.").)

Charter does not even cite to this Court's Local Rule prohibiting re-argument in its motion, let alone explain why the Court should not adhere to its own rule. The Court should deny the motion on this basis alone.

Charter argues that reconsideration is warranted because the Court committed "clear error" and "manifestly failed" to consider Charter's First Amendment arguments. (ECF No. 69 at p. 9.) This argument is offensive. The Court, on multiple occasions at the hearing, had to step in and cut off Charter from rearguing its motion to dismiss, including its First Amendment arguments. (Schecter Decl. Ex. A.) In particular, the Court stressed that it is familiar with the law in this area, (*Id.* Ex. A, p. 16:13-16,) and that it understood Charter's argument. (*Id.* Ex. A, pp. 17:25 – 18:7.)

The Court had no problem understanding Charter's argument. As the Court held: "the Court does not believe that [Charter] has *identified* or *applied* the proper

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

1 method of analyzing the First Amendment impact of an application of Section 1981
2 to the contracting activity in question here." (ECF No. 57 at p. 16 (emphasis
3 added).)

4       The Court noted, in granting Plaintiffs' leave to amend, that Charter's
5 argument was, in effect, for a First Amendment-based immunity from suit. (ECF
6 No. 46 at p. 3 ("If Plaintiffs' contentions were truly as dead-in-the-water as Charter
7 asserts they are because of Charter's First Amendment rights, the Court would
8 expect each of those other two lawsuits to have ended precipitously, in favor of the
9 defendant.")

10       Then again, in denying Charter's Motion to Dismiss, the Court stated that it
11 "is somewhat troubled by the fact that, in essence, what Defendant seeks here is a
12 First Amendment-based exemption from racial discrimination laws for an entire
13 industry." (ECF No. 57 at p. 15 n.13.) If that were the law, the Court noted that
14 there presumably would be more than one decision from the Middle District of
15 Tennessee. (*Id.*) And, although Charter argued at the hearing that the Tennessee
16 case was "exactly parallel" in terms of Plaintiffs' objectives, (Schecter Decl. Ex. A,
17 p. 18:8 – 20:16,) Charter now acknowledges that the Tennessee decision is a
18 "somewhat different case." (ECF No. 69 at p. 12.)

19       Charter claims it "brings this motion for reconsideration . . . to ensure that . . .
20 there will be no confusion concerning the record before this Court . . . ." (ECF No.
21 69 at p. 1.) That is not how the law works. The record on appeal is *not* merely
22 comprised of the Court's orders; the appellate record includes "the court's entire
23 file, including *all filings*, the audio recordings from the hearings, and all other
24 documents in the court's file, such as the court's log notes and orders." *U.S. v.*
25 *Index Newspapers LLC*, 766 F.3d 1072, 1080 n.2 (9th Cir. 2014) (emphasis added).
26 Indeed, the Federal Rules of Appellate Procedure make it clear that the appellate
27 record includes Charter's arguments in briefs and at oral argument. Fed. R. App.
28 Proc. 10(a).

There is simply no basis—and no need—to "clarify" the record. The record is the record. The Motion is just an attempt to repeat, and reargue, the Motion to Dismiss.

Charter cites *no case* permitting reconsideration to reargue or clarify arguments made, or not made, to the District Court. Moreover, if Charter failed to make an argument, that is Charter's fault. *Conservation Northwest v. Sherman*, 715 F.3d 1181, 1188 (9th Cir. 2013) (finding that a party had failed to preserve an argument for appeal because it was buried in the middle of a paragraph in a different section of the brief); *Moreno Roofing Co., Inc. v. Nagle*, 99 F.3d 340, 343 (9th Cir. 1996) (finding that counsel failed to preserve argument at the hearing by not directly presenting the argument to the District Court).

In its Motion, Charter also makes factual assertions with no evidentiary support. For example, Charter states: "To be clear, cable operators like Charter typically control the content of the programming on their cable systems through their decisions concerning which programming producers—that is, which networks—will receive carriage contracts and which will not. The networks themselves generally select program line-ups and which programs will air at a given time. The cable operator exercises editorial control by selecting—through the carriage contracts that it does and does not enter—which networks will be allowed to distribute their content on its platform." (ECF No. 69 at p. 7.)

Charter submits no evidence in support of those propositions. Further, the above is *opinion testimony* that speaks to the industry as a whole, and thus it must be supported by *expert testimony*. Fed. R. Evid. 701(a) (opinion testimony must be "rationally based on the witness's perception"). Charter cannot obtain judgment based on its First Amendment defense by making assertions in a legal brief that depend on factual support not in the record.

In sum, Charter is violating this Court's Local Rule. Reconsideration should be denied.

### B. Charter's Motion for Judgment on the Pleadings Is Nothing More than a Re-Styled Motion for Reconsideration

Charter asks for the Court to consider its "new" argument through a motion for judgment on the pleadings in the event the Court finds that Charter failed to raise its "new" argument and declines to reconsider its Order. (ECF No. 69 at p. 10.)

The Court should deny this motion on procedural grounds alone. Although styled a motion for judgment on the pleadings, this Motion is, in effect, requesting the same relief as its prior motion to dismiss that the Court denied. Both motions require the same showing, *Fleming*, 581 F.3d at 925, and, in both, Charter argues that it is entitled to a judgment of no liability as a matter of law based on the allegations in the FAC. (ECF Nos. 31, 69.) As such, this Motion for Judgment on the Pleadings is a motion for reconsideration. *See Sells v. McDaniel*, 2008 WL 427793, at *4-5 (D. Nev. Feb. 14, 2008) (construing a subsequent motion for preliminary injunction "as a motion for reconsideration" because plaintiff requested the "same relief" that he requested in a prior preliminary injunction motion); *see also* S.D. Cal. Local Civil Rule 7.1(i) (defining a motion for reconsideration as a subsequent motion requesting the same relief in whole or in part as requested in a prior motion). By re-arguing its motion, Charter is violating this Court's Local Rules. L.R. 7-18.

The Court should reject this "new" argument for the same reasons it rejected Charter's "old" argument. Charter, in seeking judgment as a matter of law based on its First Amendment affirmative defense, must submit evidence to support this defense or show that, from the face of the FAC, Charter is entitled to judgment as a matter of law. *See Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 119 (9th Cir. 1980) (a defendant can assert a statute of limitation affirmative defense if, on the face of the complaint, the allegations would not permit plaintiff to prove that the claims were timely or tolled); *Suckow Borax Mines Consol. v. Borax Consol*, 185 F.2d 196, 205 (9th Cir. 1950) (can establish an affirmative defense through

evidentiary submissions as part of a motion to dismiss, but the Court may convert the motion to a summary judgment motion).

Charter, yet again, has failed to meet its burden. Charter cites no case supporting dismissal on the pleadings, and in fact cites no new case from the cases analyzed and distinguished by the Court. (ECF No. 57 at pp. 12-16.) Instead, Charter's "new" argument relies on Paragraph 64 of the FAC, which Charter argues transforms Plaintiffs' lawsuit into a content-based restriction on Charter's editorial discretion. (ECF No. 69 at p. 13.) This argument is flat wrong.

Paragraph 64 alleges that the FCC has not complied with its statutory mandate to protect the voices of African American-owned media companies. (ECF No. 47 ¶ 64.) Viewed in the light most favorably to Plaintiffs—not Charter—this allegation expresses the obvious point that if African American-owned media companies are being discriminated against, such that they are not permitted to speak, then the FCC is not doing its job. (*Id.*) There is no suggestion, in that paragraph or the FAC generally, that *Charter* denied a carriage contract because of a disagreement with the message conveyed on ESN's channels. *See Hurley v. Irish-American Gay, Lesbian & Bisexual Group of Boston*, 515 U.S. 557, 574-75 (1995).

Instead, the Court rejected Charter's argument that this lawsuit is a content-based application of the law, stating at the October 24, 2016 hearing: "that is a problem I do have because I understand that argument, but I don't know if it is per se content-based, because plaintiff here is making the argument in regards to the contracts, not necessarily guaranteeing that all of the content will be of a particular sort that you could even necessarily distinguish the content, *but it is their status as black owners*." (*Id.* Ex. A, pp. 17:25 – 18:7 (emphasis added).) And moreover, Charter has itself admitted that it carries lifestyle programming targeting roughly the same audiences as ESN. (ECF No. 31 (arguing that ESN's channels "target roughly the same audiences as the better known channels Comedy Central, Food Network, Velocity, Animal Planet, The Travel Channel, and E! . . . *channels that Charter*

*already carries*") (emphasis added).)

Plaintiffs are thus not bringing a lawsuit against a cable company owned by Louis Farrakhan and the Nation of Islam on the grounds that the cable company denied carriage based on the messages conveyed on the channels. (Schecter Decl. Ex. A, pp. 21:24 – 22:17 (Charter proposing said hypothetical).) Rather, Plaintiffs bring this lawsuit because Charter refused to deal with ESN because it is owned by an African American, irrespective of content. (ECF No. 47 ¶ 1.)

## V. CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court deny Charter's Motion for Reconsideration and, in the Alternative, for Judgment on the Pleadings

DATED:  November 21, 2016          Respectfully submitted,

MILLER BARONDESS, LLP


By:   */s/ Louis R. Miller*
       LOUIS R. MILLER
       Attorneys for Plaintiffs

319095.2

10

Case No. 2:16-cv-00609-GW-FFM

OPPOSITION TO CHARTER'S MOTIONS FOR RECONSIDERATION/JUDGMENT ON THE PLEADINGS